UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUES A. JOHNSON,

    Plaintiff,

v.                                                   CASE NO.: 8:20-cv-1370-T-60JSS

CHRIS NOCCO, in his official capacity as Sheriff,
Pasco County, Florida; and
JAMES DUNN, in his individual capacity,

    Defendants,
_____/

## MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS DEPUTY DUNN AND SHERIFF WITH SUPPORTING MEMORANDUM OF LAW

COME NOW the Defendants, Chris Nocco, in his official capacity as Sheriff of Pasco County, Florida and James Dunn, in his individual capacity, by and through undersigned counsel, and request that the Court dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The grounds for the motion are as follows:

1.    Plaintiff alleges that after a pretextual traffic stop of the car in which he was a passenger, he refused to provide identification to the deputy and was arrested for resisting without violence under Section 843.02, Florida Statutes. Plaintiff was taken to jail, and was released after posting bond. The criminal case was ultimately dismissed on defense motion.

2.    Plaintiff has sued Defendant Deputy Dunn under 42 U.S.C. § 1983 for false arrest, and for excessive force and violation of due process, and under state law for malicious prosecution, intentional infliction of emotional distress, battery and false imprisonment/arrest. Plaintiff has sued Defendant Sheriff in his official capacity under 42 U.S.C. § 1983 under two

*Monell* claims for deliberate indifference exhibited by failure to train and supervise, and ratification, and under state law for negligent hiring, retention, training and supervision, negligence, battery and false imprisonment/arrest.

3. The allegations of the Complaint establish that *actual* probable cause existed for the arrest of Plaintiff for resisting without violence; therefore, Defendants Dunn and Sheriff are entitled to a dismissal of all counts of the Complaint.

4. The allegations of the Complaint establish that Defendant Deputy Dunn is entitled to dismissal of the § 1983 claims in Counts I and III on the basis of qualified immunity because arguable probable cause for his arrest was present.

5. Defendant Deputy Dunn is entitled to the dismissal of Count III, a Fourteenth Amendment Due Process claim, because Count III improperly relies on the due process clause of the Fourteenth Amendment as a basis for the claim of excessive force in the arrest of Plaintiff, rather than making a Fourth Amendment excessive force claim, and thus fails to state a claim upon which relief can be granted.

6. Defendant Sheriff is entitled to dismissal of the *Monell* claims in Counts II and IV because of a failure to allege a pattern of similar constitutional violations by untrained employees, and because claims of official liability are based only on conclusory allegations. The ratification claim is legally insufficient because based on the alleged actions of a supervisor, without allegations of why that supervisor is a final policy maker.

7. Defendant Sheriff is entitled dismissal of Count V, a state law claim for negligent hiring, retention, training and supervision, because of a lack of factual allegations that would plausibly suggest that Sheriff was on notice of, or reasonably could have foreseen, any harmful propensities or unfitness for employment of Deputy Dunn as to the negligent hiring claim,

likewise as to the negligent retention claim; and as to the negligent training claim, said claim necessarily involves discretionary government policy making choices, and is thus protected by sovereign immunity.

8. Defendant Deputy Dunn is entitled to dismissal of Count VI, a state law malicious prosecution claim, because actual probable cause for the arrest of Plaintiff was present.

9. Defendant Deputy Dunn is entitled to dismissal of Count VII, an intentional infliction of emotional distress claim because the alleged facts do not show that Defendant Dunn's actions were so extreme in degree as to go beyond all possible bounds of decency.

10. Defendant Deputy Dunn is entitled to dismissal of Count VIII, a state law battery claim, because he was privileged to use the force described in the complaint during the arrest. Defendant Sheriff is entitled to dismissal of Count X, a state law battery claim, for the same reasons.

11. Defendant Sheriff is entitled to dismissal of Count IX, a state law negligence claim, because the allegations do not establish a duty of care, and there is a failure to allege sufficient ultimate facts showing what injury Plaintiff allegedly sustained.

12. Counts XI and XII, state law common law false imprisonment/arrest claim against Defendants Deputy Dunn and Sheriff, should be dismissed because the arrest of Plaintiff was supported by probable cause, as demonstrated by the allegations of the Complaint.

WHEREFORE, Defendants, Chris Nocco, in his official capacity as Sheriff of Pasco County, Florida and James Dunn, in his individual capacity, by and through undersigned counsel, request that the Court dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**Memorandum of Legal Authority In Support of The Precise Relief Requested**

*Background*

The Complaint alleges that Plaintiff, an African- American male, was a passenger in the right front seat of a car driven by his father, also an African-American male. The car was towing a motorcycle on a trailer, and was subjected to a "pretextual stop" by Deputy Dunn, who claimed he could not see the license plate on the trailer, but was nevertheless able to radio in license number for the trailer as he walked up to the car.

Deputy Dunn went to the passenger side and requested the driver's license of the driver and the registration of the vehicle, and asked Plaintiff if he had his identification on him too. Plaintiff said to the Deputy that because he was only a passenger he was not required to identify himself. Deputy Dunn said that under Florida law he was required to identify himself and if he did not he would be arrested for resisting.

Plaintiff's father then identified his son to the deputies. Another deputy advised the occupants that the dog was going to do a narcotics sniff of the vehicle, and they all were required to exit. Plaintiff got out, was told to place his hands behind his back, which he did and he was handcuffed. Deputy Dunn grabbed and twisted Plaintiff's pinky finger to make him release his wallet. Plaintiff was pat down searched and placed into the deputy's vehicle, and taken to jail. The dog allegedly "alerted" on the passenger side, and the car was searched, but no drugs were found. Plaintiff was taken to jail and charged with resisting an officer without violence, in violation of Section 843.02, Florida Statutes. The court dismissed the criminal prosecution on defense motion.

*Argument*

Plaintiff, as the passenger in a vehicle subject to a valid traffic stop, was lawfully detained. *Deno v. State*, 230 So.3d 611 (Fla. 3rd DCA 2017)(citing *Brendlin v. California*, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) (holding that lawful traffic stop subjects not only driver but also passenger to seizure under Fourth Amendment); see also *Arizona v. Johnson*, 555 U.S. 323, 333, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009) ("A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop. Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave."); *Presley v. State*, 227 So.3d 95 (Fla. 2017) (discussing *Brendlin* and *Johnson*, holding that officers may prevent passengers from leaving traffic stop without running afoul of Fourth Amendment as long as detention is only for duration reasonably necessary to complete purpose of traffic stop, and disapproving prior case law to contrary).[1]

Section 843.02, Florida Statutes makes it a misdemeanor to "resist, obstruct, or oppose" an officer "in the lawful execution of any legal duty." Legal duties include legally detaining a person - *C.W. v. State*, 76 So.3d 1093 (Fla. 3rd DCA 2011) – therefore Defendant Dunn was executing a legal duty when he engaged Plaintiff and asked for identification.

---

[1] Plaintiff characterizes the traffic stop as "pretextual" but the videos referenced by the Complaint at footnote 1 clearly show a bent tag on the trailer sufficient to justify a traffic stop. *See State v. English*, 148 So.3d 529 (Fla. 5th DCA 2014)(based on the plain reading of the statute, the alphanumeric designation on the license plate must be plainly visible at all times, English's tag was not in compliance with the statute and as such, the officers had the authority to conduct a traffic stop). Furthermore, and without conceding at all that this was a pretextual stop, but making the point for arguments sake, such a stop can still be legally valid so long there is an objective basis for the officer's intervention (such as there was here). *See Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

5

When Plaintiff refused to provide identification, he obstructed or resisted Deputy Dunn in the lawful execution of a legal duty, and thus actual probable cause for his arrest emerged. Frankly, the case should be over based on this analysis. The presence of actual probable cause defeats all the claims in this case, both federal and state (thus the claim for malicious prosecution in Count VI should be dismissed because probable cause is a required element of that tort; and the claims for false imprisonment/arrest in Counts XI and XII should be dismissed, because probable cause is an affirmative defense to those claims).

### *Qualified Immunity*

In further argument as to the federal claims, Defendant Deputy Dunn is entitled to qualified immunity.[2] That is because at least "arguable probable cause" existed for the arrest of Plaintiff, and Defendant Dunn did not violate "clearly established law" as a result of the arrest of Plaintiff. The existence of "arguable probable cause" provides an officer with qualified immunity from a § 1983 false arrest claim. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724 (11th Cir. 2010). "Arguable probable cause" exists where reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believed that probable cause existed to arrest the plaintiff. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240 (11th Cir. 2010). "Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir.1990) (quotation marks and ellipses omitted).

---

[2] It is appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss state of the case if the complaint fails to allege the violation of a clearly established constitutional right. *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003).

Whether an officer possesses arguable probable cause depends on the elements of the alleged crime and the operative fact pattern. *Skop v. City of Atlanta*, 485 F.3d 1130, 1137–38 (11th Cir.2007). Showing arguable probable cause does not, however, require proving every element of a crime. *Scarbrough v. Myles*, 245 F.3d 1299, 1302–03 (11th Cir.2001).

The Eleventh Circuit has identified three different ways that a plaintiff can prove that a particular constitutional right is clearly established. *Waldron v. Spicher*, 954 F.3d 1297 (11th Cir. 2020). First, binding precedent tied to particularized facts in a materially similar case from the U.S. Supreme Court, the 11th Circuit, or the Florida Supreme Court. Second, a broader, clearly established principle should control the novel facts of a particular case, the principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the officer acted. Third, a narrow category of cases encompassing those situations where the officer's conduct lies so very obviously at the very core of what the constitutional provision prohibits the unlawfulness of the conduct was readily apparent to the officer, notwithstanding the lack of case law.

In that regard, defense counsel has not located any U.S. Supreme Court, 11th Circuit or Florida Supreme Court precedent, tied to "particularized facts in a materially similar case" that addresses the situation where a passenger in a traffic stop refuses to provide identification to the officer. Likewise, preexisting case law does not create a broad principle that would have put Deputy Dunn on "fair notice" that Plaintiff could refuse to provide identification under the circumstances alleged in the Complaint. Thus, Defendant Dunn had arguable probable cause to arrest Plaintiff – because a reasonable officer "*could have*" believed that probable cause existed for the arrest of Plaintiff. *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002).

*Monell Claims Should Be Dismissed*

Counts II and IV have to be construed as *Monell* claims against Defendant Sheriff because there is no vicarious liability for § 1983 claims. The defense interprets Count II as being directed to the Fourth Amendment false arrest claim, and arguing that Defendant Sheriff had a policy of failing to train and supervise regarding an arrest like this one. Further that Defendant Sheriff ratified that actions of Deputy Dunn, and through (unspecified) other actions like these had a *de facto* policy and custom. Additionally, supervisory liability is asserted for various reasons. Count IV is likewise interpreted as a *Monell* claim by the defense, said claim criticizing a failure to train to not abuse power to mistreat citizens, failure to implement adequate hiring, retention and training, staffing and supervisory procedures, and the like, and focused on those alleged deficits being the moving force behind a violation of Plaintiff's Fourteenth Amendment due process rights.

Two major problems with Counts II and IV justify dismissal of those claims. First, while both claims have a good deal of verbiage, the fact is that on close examination it mostly conclusory and boilerplate *Monell* and civil rights rhetoric. *Monell* claims in the 11th Circuit have to contain sufficient factual allegations to state a claim that a policy, custom or practice caused the underlying constitutional violations. For example, see case law cited in *Reynolds v. City of Daytona Beach*, 2019 WL 2412433, at *8–10 (M.D. Fla. 2019). Neither Count II nor IV contains any factual allegations to support the conclusory criticism, and thus should be dismissed.

The ratification theory expressed by Plaintiff is legally insufficient because based only on the alleged actions of a supervisor, without adequate factual allegations as to why that supervisor

is a final policy maker, a status required for liability based on ratification. *Salvato v. Miley*, 790 F.3d 1286 (11th Cir. 2015).

Additionally as to Count IV – the claim opens by alleging that Sheriff abused official power by "intentionally, knowingly, and maliciously using excessive force in the arrest of Plaintiff." (Complaint, ¶ 110). This is problematic because all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process Fourteenth Amendment approach. Plaintiff's Fourth Amendment protections applied, at least, for the duration of the time he was in the custody of his arresting officers at the scene of his arrest irrespective of whether the process of formally restraining him was complete. *Gulbronson v. Anderson*, 2020 WL 2737005, at *4 (N.D. Fla. 2020)(citations and quotations omitted).

### *Negligent Hiring, Retention, Training and Supervision*

Count V should be dismissed because under Florida law, a claim for negligent hiring, retention, or supervision requires that an employee's wrongful conduct be committed outside the scope of employment. *Buckler v. Israel*, 680 Fed.Appx. 831, 834 (11th Cir. 2017)(citing *Mallory v. O'Neil*, 69 So.2d 313, 315 (Fla. 1954). *See also Delaurentos v. Peguero*, 47 So.3d 879, 882 (Fla. 3d DCA 2010) ("Where, as here, a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superior and not on the basis that the employer was negligent.").

### *Intentional Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must allege that: "(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. City of Minneola*, 619 So.2d 983, 986 (Fla. 5th DCA 1993). While there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has evolved an extremely high standard." *Merrick v. Radisson Hotels Int'l, Inc.*, No. 06DV01591 T24TGW, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007). Courts uphold claims of intentional infliction of emotional distress only in extremely rare circumstances. *Triana v. Diaz*, 12-21309-CIV, 2014 WL 5319800, at *7 (S.D. Fla. Oct. 16, 2014)(quotation marks omitted).

Count VII alleges that Defendant Dunn's conduct was extreme and outrageous and went beyond the bounds of decency, the factual allegations do not establish this, and Count VII should be dismissed. *See Casado v. Miami-Dade County*, 340 F.Supp.3d 1320, 1332–33 (S.D.Fla. 2018) for similar logic and result. An officer is never liable where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla. 1985)

### *Battery*

The only force specifically alleged in the complaint in Counts VIII and X is that after Plaintiff was handcuffed, Defendant Dunn "grabbed Plaintiff's pinky finger and twisted it away from his hand in order to force Plaintiff to release his wallet" (Complaint at ¶ 38), apparently to

get his identification. There is no allegation that this caused injury or required medical treatment, and it appears to have been quickly successful. This has the appearance of de minimus force used to achieve compliance, and is reasonable on its face, and would thus be justified. *City of Miami v. Albro*, 120 So.2d 23 (Fla. 3rd DCA 1960)(In determining whether the officers applied excessive force in making the arrest the jury should be instructed upon that issue. The limit of the force to be used by the police is set at the exercise of such force as reasonably appears necessary to carry out the duties imposed upon the officers by the public).

### *Negligence*

As to Count IX against Defendant Sheriff, while it is true that a duty of care can arise when a person is taken into custody by law enforcement (*see Wallace v. Dean*, 3 So.3d 1035 (Fla. 2009))  the Complaint is unclear as to what injuries were allegedly caused by Defendant Dunn and "others"  as a result of the alleged negligence. Thus, Count IX does not contain sufficient ultimate facts to state a cause of action.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ryan D. Barack, Esq.** and **Michelle Erin Nadeau, Esq.** (*rbarack@employeerights.com; mnadeau@employeerights.com; jackie@employeerights.com*), Kwall Barack Nadeau PLLC, 304 S. Belcher Road, Suite C, Clearwater, Florida 33765.

/s/ D. Andrew DeBevoise
D. ANDREW DeBEVOISE
Florida Bar No.: 0281972
Email: *debevoise@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants Sheriff and Dunn