UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUES A. JOHNSON,

    Plaintiff,

v.                                Case No. 8:20-cv-1370-TPB-JSS

CHRIS NOCCO, in his official capacity
as Sheriff, Pasco County, Florida, and
JAMES DUNN, in his individual capacity,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

This matter is before the Court on the "Motion to Dismiss First Amended Complaint by Defendants Sheriff Nocco and Dunn," filed on December 14, 2020. (Doc. 26).   On January 18, 2021, Plaintiff Marques A. Johnson filed his response in opposition.   (Doc. 29).   The parties filed notices of supplemental authority.   (Docs. 34; 35).   Upon review of the motion, response, supplemental authority, court file, and record, the Court finds as follows:

**Background**[1]

Plaintiff Marques A. Johnson is suing Deputy James Dunn, in his individual capacity, and Sheriff Chris Nocco, in his official capacity (collectively, "Defendants") for alleged constitutional violations and related state law negligence and tort claims following his arrest on August 2, 2018.   At the time of the incident, Plaintiff was a

---

[1] The Court construes the facts in light most favorable to Plaintiff for the purpose of ruling on the motion to dismiss.

passenger in a vehicle driven by his father. Deputy Dunn initiated a traffic stop, claiming that he could not see the license plate because it was obstructed by a trailer. Deputy Dunn was accompanied by two other deputies and a film crew from the A&E television show "Live PD."

After initiating the traffic stop, Deputy Dunn approached the passenger side of the vehicle and requested the driver's license and vehicle registration. Deputy Dunn also asked Plaintiff if he had his identification. Plaintiff advised Deputy Dunn that he was only a passenger and was not required to identify himself. Deputy Dunn told Plaintiff that under Florida law, Plaintiff was required to identify himself, and that if he did not do so, Deputy Dunn would remove him from the vehicle and arrest him for resisting. Another officer repeated these claims and told Plaintiff that he needed to identify himself. At the request of law enforcement, Plaintiff's father identified Plaintiff as his son and provided Plaintiff's name to the officers.

The officers then decided to do "a sniff with the dog," and asked Plaintiff and his father to exit the vehicle. As Plaintiff began to exit the vehicle, Deputy Dunn said to another officer that he was "going to take him no matter what because he's resisting. . . ." Deputy Dunn directed Plaintiff to put his hands behind his back and handcuffed him. When Plaintiff asked why he was being arrested, Deputy Dunn stated that it was for resisting without violence by not giving his name when it was demanded. Deputy Dunn then conducted a pat-down search and placed Plaintiff in the back of a police car.

While Plaintiff was in the police car, law enforcement officers brought a dog

to sniff the outside and claim that the dog "alerted" on the passenger side door. However, officers did not find any drugs in the vehicle. Deputy Dunn also searched Plaintiff's wallet, took his identification, and entered his name into a computer. Deputy Dunn again stated that Plaintiff was being arrested because of his refusal to provide his identification, claiming that Florida law requires all occupants of vehicles to give their names. Plaintiff was taken to Pasco County Jail and charged with the misdemeanor crime of resisting without violence, a violation of § 843.02, *F.S.* The criminal case was ultimately dismissed.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

A district court should generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). If the plaintiff fails to comply by curing the identified defects, the court may dismiss those claims and consider the imposition of sanctions. *See id.*; *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

## Analysis

### *Count I – Fourth Amendment § 1983 Claim Against Deputy Dunn*

Plaintiff alleges a § 1983 violation against Deputy Dunn based on his allegedly false arrest. In the motion, Deputy Dunn argues that he is entitled to qualified immunity because there was actual probable cause to arrest Plaintiff for resisting without violence. This argument has already been thoroughly addressed by the Court in its prior Order. (Doc. 24).

As the Court explained, Deputy Dunn had a valid basis to require the driver of the vehicle to provide identification and vehicle registration. But he did not have a valid basis to require Plaintiff, as the passenger, to provide identification absent a reasonable suspicion he had committed, was committing, or was about to commit a criminal offense. Pursuant to existing law on this point, Plaintiff had no obligation to talk to or identify himself to Deputy Dunn. Because Deputy Dunn did

not have a valid basis to require Plaintiff to provide identification, he could not arrest Plaintiff based on a failure or refusal to provide such identification. The motion to dismiss is denied as to this ground.

### *Count II – Fourth Amendment § 1983 Claim Against Sheriff Nocco*

Sheriff Nocco argues that Count II should be dismissed because there was probable cause to arrest Plaintiff. As discussed in its prior Order and its analysis of Count I, the Court has concluded that – under the facts alleged by Plaintiff – there was no probable cause or arguable probable cause to support the arrest. The motion is denied as to this ground.

### *Count III – Negligent Training Against Sheriff Nocco*

Sheriff Nocco contends that he is entitled to dismissal of Count III because (1) a law enforcement officer can require a passenger to identify himself, and (2) training decisions are subject to sovereign immunity. For the reasons discussed above and in its prior Order, the Court finds that the Sheriff is not entitled to dismissal based on his first argument. As to the Sheriff's sovereign immunity argument, the Court finds relief is warranted. In Florida, the decision of what subject matter to include in training concerns a discretionary function and is precluded by sovereign immunity. *Cook ex rel Tessier v. Sheriff of Monroe Cty, Fla.*, 402 F.3d 1092, 1117-19 (11th Cir. 2005). On the other hand, a plaintiff may sustain a negligent training claim despite any claims of sovereign immunity if the claim is based on the implementation or operation of a training program or policy. *Id.* (citing *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001).

In Count III, Plaintiff alleges that the Sheriff failed to "train [his] employees

and agents in the requirements to make lawful arrests of individuals who refuse to provide their identification upon demand." (Doc. 25 at ¶ 101). Plaintiff does not identify any relevant training program or policy. His issue does not seem to concern the manner in which Deputy Dunn was trained; instead, Plaintiff only appears to challenge the Sheriff's decision with respect to whether a training program should exist. Because Count III concerns a discretionary act rather than the operation of a training program, the claim is barred by sovereign immunity. The motion to dismiss is due to be granted as to this ground. Count III is dismissed.[2]

### *Count IV - Negligent Supervision Against Sheriff Nocco*

Sheriff Nocco also argues that he is entitled to dismissal of Plaintiff's negligent supervision claim in Count IV. The Court previously dismissed this claim because Plaintiff failed to sufficiently allege that Deputy Dunn was acting outside the scope of his employment during the encounter. In his amended complaint, Plaintiff now alleges, in conclusory fashion, that Deputy Dunn acted outside the scope of his employment. But he does not plausibly allege *facts* to show that Deputy Dunn was acting outside the scope of his employment during the encounter. *See, e.g., Santillana v. Florida State Court System*, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 271433, at *11 (M.D. Fla. Jan. 15, 2010) (dismissing negligent supervision claim because plaintiff did not allege facts from which the court could

---

[2] If Plaintiff is able to allege – in good faith – a negligent supervision training claim based on the operation of an existing training program, he may seek leave to amend his complaint. But any such request must include the necessary facts to support the claim; bare or conclusory allegations will not suffice.

conclude defendants acted outside scope of employment). Furthermore, all of the factual allegations appear to show that Deputy Dunn was acting in the scope of his employment with the Sheriff's Office during the traffic stop and arrest. As such, the Court finds that the supervision claim remains facially insufficient. The motion to dismiss is due to be granted as to this ground. Count IV is dismissed.

*Count V – Malicious Prosecution Against Deputy Dunn*

Deputy Dunn argues that Count V should be dismissed because actual probable cause existed to support Plaintiff's arrest. For the reasons discussed above, Plaintiff has sufficiently alleged that there was no probable cause or arguable probable cause to support the arrest.

Deputy Dunn additionally argues that he is entitled to immunity under § 768.28(9)(a), *F.S.*, unless he acted outside the scope of his employment or acted in bad faith or with malice. Because Plaintiff has alleged the requisite malice, Deputy Dunn is not entitled to dismissal of this claim at this time. *See Blackshear v. City of Miami Beach*, 799 F. Supp. 2d 1338, 1348 (S.D. Fla. 2011) (explaining the immunity statute offers no protection to law enforcement officer defendant in context of malicious prosecution claim because an officer acting within the scope of his employment can be held liable if the officer acted in bad faith or with malicious purpose). The motion to dismiss is denied as to these grounds.

*Count VI – Intentional Infliction of Emotional Distress Against Deputy Dunn*

Deputy Dunn contends that he is entitled to dismissal of Count VI because the alleged facts do not establish that his actions were so extreme in degree as to go

beyond all possible bounds of decency to support a claim for intentional infliction of emotional distress. The Court previously dismissed this count because Plaintiff failed to meet the high standard required to show that Deputy Dunn's conduct was "beyond all bounds of decency" or that Plaintiff suffered "severe distress." In his amended complaint, Plaintiff has again failed to meet this standard. Because Plaintiff has failed to cure this deficiency, the motion to dismiss is due to be granted. Count VI is dismissed with prejudice.

### *Counts VII and VIII – Battery Against Deputy Dunn and Sheriff Nocco*

Defendants contend that Counts VII and VIII should be dismissed because Deputy Dunn was privileged to use the force used in effecting the arrest. The Court previously dismissed these claims after concluding that Plaintiff failed to sufficiently allege *facts* to demonstrate that the level of force used was unreasonable under the circumstances. He has failed to cure this deficiency. As a result, the motion to dismiss is due to be granted as to this ground. Counts VII and VIII are dismissed with prejudice.

### *Counts IX and X – False Imprisonment and Arrest Against Deputy Dunn and Sheriff Nocco*

Defendants argue that Counts IX and X should be dismissed because actual probable cause existed to support Plaintiff's arrest. The Court has already addressed this argument in its prior Order, finding these claims facially sufficient. As the Court explained, Plaintiff has alleged facts showing that Deputy Dunn lacked probable cause to arrest him for obstruction without violence. As such, Plaintiff's claims for false imprisonment and false arrest against Defendants may

proceed at this time. The motion to dismiss is denied as to this ground.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The "Motion to Dismiss First Amended Complaint by Defendants Sheriff Nocco and Dunn" (Doc. 26) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** as to Counts III, IV, VI, VII, and VIII.

(3) Counts III, IV, VI, VII, and VIII of Plaintiff's amended complaint are **DISMISSED WITH PREJUDICE**.

(4) The motion is otherwise **DENIED**.

(5) Defendants are directed to file an answer on or before March 4, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**